### In re HAWLEY.

(District Court, N. D. Iowa, W. D.   September 5, 1902.)

1. BANKRUPTCY—PURCHASE BY TRUSTEE.

Though the trustee in bankruptcy purchasing at his own sale, so that the sale cannot be approved, is not required to lose improvements made by him on the premises after the sale, it is not enough to prevent resale that he account for the value of the property at the time of the sale, it having thereafter greatly increased in value.

Submitted on Review of Action of Referee with Respect to Sale of Realty.   See (D. C.) 116 Fed. 429.

Taylor & Burgess and L. M. Kean, for creditors.

T. G. Henderson, for trustee.

SHIRAS, District Judge. The questions presented by the exceptions to the ruling of the referee grow out of the fact that it is shown

that the trustee became a purchaser at his own sale of certain realty belonging to the estate in his charge. The referee rightly held that the sale could not be approved, and that the trustee held the property in fact for the benefit of the estate; but further held that, as the trustee had made considerable improvements on the property after the purchase, the rights of the creditors would be sufficiently protected by requiring the trustee to account for the value of the property in the condition it was in when the purchase was made, this value being fixed at $40 per acre. Upon the hearing before the referee the evidence, by the ruling of the referee, was confined to the value of the land at the time of the sale and purchase. It is probable this ruling was made by reason of the intimation given by the court, when the case was up for discussion at Sioux City, that justice did not require that the trustee should lose the value of the improvements by him placed on the land, but the creditors' rights would be protected by compelling the trustee to account for the value of the land without the improvements; that is, the value as the land was when the sale took place. The creditors now urge, however, that the land, regardless of the improvements, has very greatly increased in value, and that they cannot be rightfully deprived of this increased value, and that, therefore, they insist that the sale must be set aside, the land be resold, that the trustee be repaid the money paid in by him therefor, together with the fair value of the improvements by him put upon the premises. It is clear that if it be true that the land has greatly increased in value, and the ruling of the referee be affirmed, the creditors will be deprived of this increase in value, and the trustee, through his wrongful conduct, will reap the benefit thereof. It is also claimed that the valuation placed on the land by the referee, to wit, $40 per acre, is too low, even if the inquiry is limited to the value at the date of sale. Under these circumstances there seems to be no escape from the conclusion that, unless the parties in interest can agree upon a sum to be paid by the trustee in consideration of the sale being affirmed, the sale must be set aside, the property be resold, and from the proceeds the trustee be repaid the money by him paid, including the fair cost of the improvements made by him, and the balance left be accounted for as part of the estate of the bankrupt.

The exceptions to the ruling of the referee are therefore sustained, and the referee is directed to enter an order for a resale as above indicated, unless the parties interested agree upon a sum to be paid as representing the interest of the estate in the property in question.